**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 28 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAYMUNDO DIAZ IBARRA,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-74017

Agency No. A078-466-932

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011**

Before:     CANBY, O'SCANNLAIN and FISHER, Circuit Judges.

Raymundo Diaz Ibarra, a native and citizen of Mexico, and lawful

permanent resident, petitions for review of the Board of Immigration Appeals'

order dismissing his appeal from an immigration judge's ("IJ") removal order.  We

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review de novo legal questions and due process claims, and review for substantial evidence factual findings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's determination that Diaz Ibarra participated in alien smuggling as defined in 8 U.S.C. § 1182(a)(6)(E)(i), where he testified that he knew his relatives' intent to bring his niece into the country illegally, and the border officer testified that Diaz Ibarra referred to the smuggled child by a false name at the border. *See Urzua Covarrubias v. Gonzales*, 487 F.3d 742, 748-49 (9th Cir. 2007) (knowing act of assistance of another's effort to enter the United States illegally); *Altamirano v. Gonzales,* 427 F.3d 586, 594-96 (9th Cir. 2005). Diaz Ibarra's challenges to the reliability of the government's documentary evidence are unavailing where the agency's determination is supported by the removal hearing testimony alone.

Diaz Ibarra contends the IJ violated his due process rights by asking many questions and exhibiting bias. This contention fails because the record reflects Diaz Ibarra had a "full and fair hearing" and a "reasonable opportunity to present evidence on his behalf." *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000).

**PETITION FOR REVIEW DENIED.**